# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PADRES HACIA UNA VIDA MEJOR, et al., | 1:11cv01094 AWI DLB |
| Plaintiffs, | ORDER DENYING MOTION TO STAY ALL PROCEEDINGS |
| v. | (Document 26) |
| LISA P. JACKSON, et al., | |
| Defendants. | |

Defendant Lisa P. Jackson, in her official capacity as Administrator of the U.S. Environmental Protection Agency, and Defendant U.S. Environmental Protection Agency (collectively "EPA" or "Defendants") filed the instant motion to stay all proceedings until August 31, 2012. The matter was heard on May 11, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Attorney Michael Zee appeared on behalf of Defendants. Attorney Brent Newell appeared on behalf of Plaintiffs Padres Hacia Una Vida Mejor ("Padres") and El Pueblo Para El Aire Y Agua Limpio ("El Pueblo") (collectively "Plaintiffs").

## INTRODUCTION

Plaintiffs Padres Hacia Una Vida Mejor and El Pueblo Para El Aire Y Agua Limpio filed this action on June 30, 2011. The complaint contains a single cause of action for violation of the Administrative Procedure Act, 5 U.S.C. § 706(1). Plaintiffs allege that EPA has violated administrative regulations by failing to issue preliminary findings and recommendations for

voluntary compliance in response to Plaintiffs' Title VI complaint within 180 days of EPA's initiation of investigation.  Plaintiffs seek declaratory and injunctive relief requiring EPA to process their Title VI administrative complaint in compliance with 40 C.F.R. § 7.115. Doc. 1.

Defendants filed a motion to dismiss on September 2, 2011.  The motion was fully briefed by the parties.

On December 14, 2011, the Court stayed the action, including the motion to dismiss, and vacated the Scheduling Conference while the parties attempted to resolve the case.  The parties did not reach a resolution and the Court lifted the stay on March 9, 2012.

On March 26, 2012, Defendants filed the instant motion to stay all proceedings until August 31, 2012, to allow the agency to complete its investigation of Plaintiffs' Title VI administrative complaint.  Doc. 26.

On April 6, 2012, the Court denied Defendants' motion to dismiss and directed Defendants to file an answer or a motion for interlocutory appeal.  Defendants filed an answer on April 27, 2012.

On April 27, 2012, Plaintiffs opposed the motion to stay proceedings.  Defendants replied on May 4, 2012.

## FACTUAL BACKGROUND[1]

Plaintiffs are associations whose members reside in Buttonwillow, California and Kettleman City, California. The populations of these cities are majority Latino, and a substantial portion of these populations are below the poverty line. Two of California's Class I toxic waste disposal sites are located in these cities.  EPA has distributed federal financial assistance to ten California agencies ("10 Agencies") that are responsible for the permitting and oversight of the Class I toxic waste disposal dumps in Buttonwillow and Kettleman City.

On December 12, 1994, Plaintiffs filed with the EPA a Title VI discrimination complaint against the 10 Agencies and the owners of the two toxic waste disposal dumps ("Owners"). The Title VI complaint alleges that the Owners and the 10 Agencies discriminated against Plaintiffs

---

[1] For purposes of this motion, and as referenced by Plaintiffs, the Court restates nearly verbatim the factual background from the Order Denying Defendants' Motion to Dismiss.  Doc. 27.

1   in the siting, permitting, expansion, and operation of the toxic waste dumps.

2       On July 18, 1995, EPA notified Plaintiffs that it had accepted their Title VI complaint for
3   investigation.

4       On October 14, 1996, Plaintiffs sent a letter to then EPA Administrator, Carol Browner.
5   The letter raised the issue of EPA's failure to adhere to regulatory deadlines with respect to
6   processing Title VI complaints. In pertinent part, the letter stated, "The EPA should have
7   completed its preliminary investigation by mid-January of 1996. The EPA missed its deadline by
8   eight months. As of October 1, 1996, the EPA was still evaluating the responses to [Plaintiffs']
9   complaint and had not formulated nor sent the recipients its preliminary findings and
10  recommendations for achieving voluntary compliance, in violation of 40 C.F.R. § 7.115(c)(1)."
11  Doc. No. 11-3, p. 11.  Further, the letter warned: "We are all well aware that there are remedies
12  under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706, available to us if EPA
13  continues to fail to meet its statutory and regulatory obligations." Doc. 11-3, p. 1. The letter
14  included a "remedies" section that recommended that the EPA take 10 steps to remedy the failure
15  to process Title VI complaints. Doc. 11-3, pp. 16-17.

16      On December 9, 1996, EPA responded to the October 1996 letter. EPA agreed that it
17  needed to improve the timeliness of its decisional process, and informed Plaintiffs that it had
18  taken steps to enhance the investigation and processing of Title VI complaints so as to address
19  the concerns raised in the letter. The steps included increasing staff and establishing a Title VI
20  work group and task force.

21      On August 26, 2000, Plaintiffs (as well as 58 other Title VI complainants) submitted
22  comments on the EPA's Draft Revised Guidance for Investigating Title VI Administrative
23  Complaints. Of those complainants, 41 had complaints under consideration or accepted for
24  investigation, and 18 had been rejected on procedural or technical grounds.

25      Between 2006 and 2007, EPA failed to process a single Title VI complaint in accordance
26  with its regulatory guidelines.

27      On January 19, 2011, EPA found that, at the time Plaintiffs filed their Title VI complaint,
28  Imperial County Air Pollution Control District was not a recipient of federal financial assistance.

Case 1:11-cv-01094-AWI-BAM   Document 34   Filed 05/16/12   Page 4 of 8

1  Accordingly, the complaints against that agency were dismissed.

2  On March 21, 2011, Deloitte Consulting released a final report (the "Deloitte Report")
3  that evaluated the EPA's Office of Civil Rights. The Deloitte Report found that EPA had not
4  adequately adjudicated Title VI complaints. The report found that delays in accepting and
5  investigating complaints by the Office of Civil Rights are the result of: (1) the complexity of
6  determining whether a complaint is under EPA's jurisdiction; (2) a lack of EPA methods to
7  conduct needed analysis; (3) a lack of standard operating procedures; and (4) a lack of supporting
8  resources from EPA and staff.

9  To date, EPA has resolved only one Title VI complaint on the merits. On October 30,
10 2008, EPA found no adverse impact relating to a steel mill in Flint, Michigan.

11 On June 30, 2011, Plaintiffs filed this lawsuit. Plaintiffs allege that EPA has violated,
12 and continues to violate, 40 C.F.R. § 7.115(c)(1) because it failed to issue preliminary findings
13 and recommendations for voluntary compliance in response to Plaintiffs' Title VI complaint
14 within 180 days of EPA's initiation of investigation.

15 EPA now requests a stay of these proceedings to issue its findings and recommendations.

## DISCUSSION

A.  Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). When considering whether to grant or refuse a stay, the court weighs competing interests including: (1) the possible damage which may result from granting the stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

"A trial court may, with propriety, find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case." Mediterranean Enters., Inc. v. Ssangyong Corp., 708

4

F.2d 1458, 1465 (9th Cir. 1983) (quoting Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-864 (9th Cir. 1979). For a stay to be appropriate it is not required that the issues of such proceedings are necessarily controlling of the action before the court. Id.

B.     <u>Analysis</u>

Defendants seek a stay of all proceedings until August 31, 2012, to allow EPA to complete its investigation of the allegations contained in Plaintiffs' Title VI administrative complaint and to take appropriate regulatory action based on the outcome of that investigation. According to Rafael DeLeon, Director of EPA's Office of Civil Rights, the investigation is ongoing and involves subjecting the voluminous data on the waste facilities targeted by Plaintiffs' complaint to multiple complex analytical models. Doc. 26-2, ¶¶ 9. Mr. DeLeon declares that EPA will complete the investigation and take appropriate action based on the outcome by no later than August 31, 2012. Doc. 26-2, ¶ 10.

Although the Title VI complaint has been pending for over a decade, Defendants argue that a limited-time stay will preserve Court, counsel and party resources and will permit EPA to process the administrative complaint in an "expeditious manner." Doc. 26-1, p. 3. Defendants claim that if a stay is granted, then EPA personnel presently tasked with matters relating to litigating this case "will be able to devote their full attention to the investigation of and response to Padres' Title VI complaint." Doc. 26-1, p. 4. Defendants further claim that if a stay is entered, Plaintiffs will still obtain the result they seek.

In opposition, Plaintiffs contend that a stay will not moot declaratory or injunctive relief, but merely delay "EPA's inevitable reckoning with the Court." Doc. 30, p. 2. Plaintiffs cite the Ninth Circuit's decision in Rosemere Neighborhood Ass'n v. United States Envtl. Prot. Agency, 581 F.3d 169 (9th Cir. 2009), to support its position that no action the EPA takes on the Title VI complaint will moot their claims for declaratory and prospective injunctive relief.

In Rosemere, a community organization filed suit seeking a declaratory judgment that the EPA violated the regulatory deadlines of 40 C.F.R. § 7.115, along with an injunction compelling the EPA to complete its investigation regarding alleged retaliation. About ten weeks after the lawsuit was filed, the EPA's Office of Civil Rights completed the investigation and found no

retaliation. The EPA then moved to dismiss the lawsuit as moot. The Rosemere community organization subsequently filed an amended complaint adding a claim for prospective injunctive relief regarding the processing of any administrative complaints filed by Rosemere for a five-year period. Despite the amendment, the district court dismissed the action as moot because there were no pending administrative complaints by Rosemere.

On appeal, the Ninth Circuit reversed, concluding that the case was not moot because of the potential for Rosemere to file an administrative complaint in the future. The Ninth Circuit also cited the "consistent pattern of delay" of EPA as relevant to the mootness analysis. In concluding that the district court erred in dismissing the action, the Ninth Circuit stated, "when the relief sought is an order to the delaying agency to hurry up, but the agency acts to moot the case by acting before the claim for relief can be decided, such a sequence begs for exception to the ordinary rules of mootness." Rosemere, 581 F.3d at 1175 (citations and internal quotations omitted).

In addition to relying on Rosemere, Plaintiffs also challenge Defendants' reliance on Landis, 299 U.S. 248, to support the stay. Plaintiffs contend that under Landis, the movant must as a threshold matter "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay he prays for will work damage to someone else." Id. at 255. Plaintiffs assert that EPA has not urged hardship or inequity, but instead has urged that a stay would resolve the Title VI complaint. Plaintiffs believe that EPA overlooks the requests for declaratory and prospective injunctive relief and that EPA action would not moot these claims. Plaintiffs also note that El Pueblo intends to filed a new Title VI complaint.

Plaintiffs further contend that EPA's pattern and practice of delay warrants denial of the motion. Plaintiffs point to the Ninth Circuit's findings of a pattern of delay, along with the Deloitte Report, which included, among other things, findings that EPA's Office of Civil Rights had not adequately adjudicated Title VI complaints. Doc. 30, pp. 3-4. Plaintiffs believe that the Court should not stay this case because "EPA's systemic failure underscores the propriety of declaratory relief notwithstanding any future EPA action." Doc. 30, p. 5.

1      As a final argument, Plaintiffs contend that a stay will prejudice El Pueblo because it may
2 file another Title VI complaint against the California Department of Toxic Substances Control if
3 that agency issues an operating permit allowing expansion of the Kettleman Hills toxic waste
4 dump.  Declaration of Maricela Mares-Alatorre ("Mares-Alatorre Dec.") ¶ 3.  Plaintiffs explain
5 that such a complaint may involve similar allegations of discrimination as those alleged in the
6 Title VI complaint at issue in this case.  El Pueblo reportedly needs the declaratory and
7 prospective injunctive relief to ensure that EPA will timely resolve any new complaint El Pueblo
8 may file.  See Lockyer v. Mirant Corp., 398 F.3d 1098, 1112-13 (9th Cir. 2005) (threat of harm to
9 plaintiff and the injunctive relief sought to protect against current and future harm weighed
10 against a stay).  El Pueblo also claims that it "needs to know whether EPA can be held to account
11 for unlawful delays in order to determine whether El Pueblo should invest its limited resources in
12 advocacy for its members' civil rights through Title VI."  Doc. 30, p. 6; Mares-Alatorre Dec. ¶
13 6.
14      In reply, Defendants contend that Plaintiffs' mootness argument is irrelevant to the
15 motion to stay and the Court need not consider that issue.  Defendants note that a stay will not
16 moot the case and that the EPA will complete its investigation whether or not a stay is issued.
17 Defendants assert that Plaintiffs cannot possibly object that the EPA is making progress in its
18 investigation.  Defendants point out that if, after the investigation is complete, Plaintiffs continue
19 to seek additional relief, then they may take steps in pursuit of that relief.  If mootness then
20 becomes an issue, Plaintiffs will have an opportunity to present their arguments at that time.
21      After considering the parties' arguments, the Court finds that the competing interests
22 weigh against a stay of all proceedings.  First, a stay will force Plaintiffs to endure yet more delay
23 in resolving its claims relating to EPA's processing of Title VI complaints.  As Plaintiffs noted,
24 resolution of the pending investigation likely will not moot Plaintiffs' claim for prospective
25 injunctive relief.  Second, EPA has not demonstrated that it will suffer hardship in the event of a
26 stay.  Although Defendants aver that litigation would further strain agency resources and divert
27 EPA personnel from other duties, the Court is not persuaded that EPA has demonstrated
28 hardship.  Third, and finally, the Court does not find that a stay will serve the orderly course of

justice by preserving scarce judicial resources and the resources of the litigants. EPA's processing of the Title VI complaint will not alter the underlying allegations and Plaintiffs' claims for declaratory and prospective injunctive relief will need to be decided regardless of EPA's resolution of the Title VI complaint.

## ORDER

For the reasons stated, Defendants' motion to stay all proceedings is DENIED.

IT IS SO ORDERED.

Dated:   **May 16, 2012**                              /s/ **Dennis L. Beck**
                                                                  UNITED STATES MAGISTRATE JUDGE