1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT FOR THE

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   **PADRES HACIA UNA VIDA MEJOR,**   )   **1:11-cv-1094  AWI DLB**
     **an unincorporated association, and EL**   )
11   **PUEBLO PARA EL AIRE Y AGUA**   )   **ORDER VACATING**
     **LIMPIO, an unincorporated association,**   )   **DECEMBER 3, 2012 HEARING**
12                                             )   **AND ORDER FOR**
                     **Plaintiffs,**   )   **SUPPLEMENTAL BRIEFING**
13          **v.**                          )
                                            )
14   **LISA P. JACKSON, in her official**   )
     **capacity as Administrator of the U.S.**   )
15   **Environmental Protection Agency, and**   )
     **U.S. ENVIRONMENTAL**   )
16   **PROTECTION AGENCY**,   )
                                            )
17                   **Defendants.**   )
                                            )
18   _____   )

19

20          Currently set for hearing and decision on December 3, 2012, is Defendants' motion to

21   dismiss and Plaintiff's motion for sanctions.  The Court has reviewed the submissions of the

22   parties.

23          With respect to the motion to dismiss, the Court has additional concerns and questions

24   which require additional briefing.  In particular, the Court has significant concerns about what

25   effective relief can be granted to Plaintiffs now that the EPA has resolved their 17 year pending

26   Title VI complaint.  If the Court were to hold a hearing at this time, it would most likely require

27   the parties to submit additional briefing.  As such, the Court believes that it is more efficient for

28   the parties to submit supplemental briefing prior to holding a hearing.  In the supplemental

briefing, the parties will support their positions with citations to relevant authority.  If the parties cannot find cases that are on point, they are required to expressly inform the Court that they have not found cases that are on point despite reasonable research efforts.  The parties shall submit supplemental briefing on the following issues:

1.    Are there any cases that have held that the type of prospective relief requested by Plaintiff (i.e. an injunction that would require EPA to timely resolve any future Title VI complaints filed by Plaintiffs) is available under § 706(1), or that have granted that type of prospective relief in a § 706(1) case?

2.    Assuming that § 706(1) does not authorize the Court to grant the type of prospective relief requested by Plaintiffs, how would the Plaintiffs' requested declaratory relief constitute "effective relief"?

3.    Does the voluntary cessation doctrine apply when the court cannot grant "effective relief"?

Additionally, Defendants' reply argues in part that, given the substantial work that was performed in resolving Plaintiffs' Title VI complaint, it is unlikely that Plaintiffs would experience material delays if they file the Title VI complaint that was described in the Mares-Alatorre Declaration and Page 7 of Plaintiff's Opposition.  Plaintiffs shall address this argument.[1]

With respect to Plaintiffs' motion for sanctions, the Court has no additional concerns, and will take that motion under submission without a hearing.  See Local Rule 270(h).


Accordingly, IT IS HEREBY ORDERED that:

1.    The December 3, 2012, hearing is VACATED;

2.    The Plaintiffs' motion for sanctions is TAKEN UNDER SUBMISSION as of December 3, 2012, and the Court will issue a ruling on that motion thereafter;

3.    The parties shall file supplemental briefing as described above on or by December 12, 2012;

---

[1]Plaintiff may also address the evidence in the DeLeon Declaration (Doc. No. 51) regarding "Recent Changes to OCR's Title VI Program."

daw                                                              2

4.     The parties shall file replies to the supplemental briefing no later than December 19, 2012; and

5.     After receipt of the supplemental briefing, if the Court determines that oral argument would be helpful, it will set a new hearing date at that time.

IT IS SO ORDERED.

Dated:   November 28, 2012

UNITED STATES DISTRICT JUDGE

daw

3