IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PADRES HACIA UNA VIDA MEJOR, an unincorporated association, and EL PUEBLO PARA EL AIRE Y AGUA LIMPIO, an unincorporated association,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>LISA P. JACKSON, in her official capacity as Administrator of the U.S. Environmental Protection Agency, and U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>　　　　　Defendants. | 1:11-cv-1094  AWI DLB<br><br>ORDER ON PLAINTIFF'S RULE 11 MOTION FOR SANCTIONS<br><br>(Doc. No. 46) |

　　　Plaintiffs have filed a motion for sanctions under Federal Rule of Civil Procedure 11. Plaintiffs contend that Defendants' motion to dismiss is legally frivolous because Defendants did not adequately address controlling authority that is directly contrary to Defendants' motion. Specifically, Plaintiffs contend that Defendants fail to come to grips, or attempt to comply, with *Rosemere Neighborhood Association v. EPA*, 581 F.3d 1169 (9th Cir. 2009)'s mootness analysis.

　　　Rule 11 *inter alia* "prohibits lawyers from filing papers with the court that are: (1) 'presented for any improper purpose . . .; or (2) not 'warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law." United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1115 (9th Cir. 2001); see Fed. R. Civ. Pro. 11(b).  Rule 11 "deters 'baseless filings' by requiring a 'reasonable inquiry' that there is some plausible basis for the theories alleged." Strom v. United States, 641 F.3d 1051, 1059 (9th Cir. 2011).  A court considering a request for Rule 11 sanctions should consider whether the position taken was "frivolous," "legally unreasonable," or "without factual

foundation, even if not filed in subjective bad faith." Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir.1986). A filing is "frivolous" if it is one "that is both baseless and made without a reasonable and competent inquiry." Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005); see Strom, 641 F.3d at 1059. As long as there is some "plausible basis," even a weak one, for the arguments advanced, then Rule 11 sanctions are improper. United Nat'l, 242 F.3d at 1117; see Strom, 641 F.3d at 1059. Rule 11 should "not be used routinely when the parties disagree about the correct resolution of a matter in litigation." Morristown Daily Record, Inc. v. Graphic Comm'ns Union, Local 8N, 832 F.2d 31, 32 n.2 (3d Cir. 1987).

After reviewing the submissions of the parties, the Court cannot agree that Defendants' motion to dismiss is frivolous. Despite Plaintiffs' protestations to the contrary, Defendants have not ignored *Rosemere*. Defendants' motion cited to *Rosemere* and attempted to distinguish, and explain why, that case did not apply here. See Doc. No. 42-1 at pp. 7, 9, 12-14. It does not matter that Plaintiffs disagree with how Defendants dealt with *Rosemere*. Rule 11 requires only a weak "plausible basis" for a motion, which is a "low bar." Strom, 641 F.3d at 1059. Defendants' arguments regarding *Rosemere* are not outlandish and are not unreasonable *per se*. Defendants' motion has a plausible basis, and is not frivolous, made without a factual foundation, or legally unreasonable. Regardless of how the Court ultimately resolves the motion to dismiss, Rule 11 sanctions against Defendants are clearly inappropriate.[1] Strom, 641 F.3d at 1059; United Nat'l, 242 F.3d at 1117; Morristown, 832 F.2d at 32 n.2; Zaldivar, 780 F.2d at 831.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for Rule 11 sanctions (Doc. No. 46) is DENIED.

IT IS SO ORDERED.

Dated:   December 5, 2012

UNITED STATES DISTRICT JUDGE

---

[1] In fact, the Court finds that Plaintiffs' motion for sanctions is closer to a sanctionable filing than Defendants' motion to dismiss. Cf. Morristown, 832 F.2d at 32 n.2.