BRENT NEWELL, CA Bar No. 210,312
INGRID BROSTROM, CA Bar No. 245,829
CENTER ON RACE, POVERTY & THE ENVIRONMENT
47 Kearny Street, Suite 804
San Francisco, CA 94108
Telephone:    (415) 346-4179
Fax:          (415) 346-8723
Email:        bnewell@crpe-ej.org

CHRISTOPHER WINTER, OR Bar No. 984,355
*Via pro hac vice*
CRAG LAW CENTER
917 S.W. Oak, Suite 417
Portland, OR 97205
Telephone:    (503) 525-2725
Fax:          (503) 296-5454
Email:        chris@crag.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| PADRES HACIA UNA VIDA MEJOR, an unincorporated association, and EL PUEBLO PARA EL AIRE Y AGUA LIMPIO, an unincorporated association,<br><br>Plaintiffs,<br><br>v.<br><br>LISA P. JACKSON, in her official capacity as Administrator of the U.S. Environmental Protection Agency, and U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendants. | CASE No. 1:11-cv-01094-AWI -BAM<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |

# TABLE OF CONTENTS

INTRODUCTION ...............................................................................................................1

BACKGROUND ...............................................................................................................2

STANDARD OF REVIEW ...............................................................................................5

ARGUMENT .....................................................................................................................6

    I.    PADRES MAY APPROPRIATELY DEPOSE EPA OFFICIALS ON MATTERS RELA

        A.    The APA Standard of Review Does Not Bar the Discovery
            Padres Seeks ......................................................................................6

        B.    The Court Should Deny the Protective Order Because Padres
            has a Right to Conduct Limited Discovery on Jurisdictional Facts. ..7

        C.    EPA Has Not Met Its Burden to Show Good Cause for a
            Protective Order ...............................................................................10

    II.   EPA HAS NOT MET ITS BURDEN TO DEMONSTRATE THAT THIS
        COURT SHOULD ISSUE A PROTECTIVE ORDER BLOCKING THE
        DEPOSITION OF BOB PERCIASEPE ................................................13

    III.  EPA FAILS TO MEET ITS BURDEN TO DEMONSTRATE THAT
         THE COURT SHOULD LIMIT DISCOVERY ......................................14

CONCLUSION................................................................................................................16

**TABLE OF AUTHORITIES**

**CASES**

*Alexander v. FBI,* 186 F.R.D. 71 (D.D.C. 1998) ..............................................................5, 10

*Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) ................................................9

*Augustine v. United States*, 704 F.2d 1074 (9th Cir. 1983) ......................................................9

*Blankenship v. Hearst Corp.,* 519 F.2d 418 (9th Cir 1975)................................................5, 10

*Cipollone v. Liggett Group, Inc*., 785 F.2d 1108 (3d. Cir. 1986) .............................................6

*Cobell v. Norton,* 240 F.3d 1081 (D.C. Cir. 2001) .................................................................11

*Coleman v. Schwarzenegger,* 2008 WL 4300437 (E.D. Cal. Sept. 15, 2008) ...................13, 14

*Colo. Envtl. Coalition v. Office of Legacy Mgmt.,* 819 F. Supp. 2d 1193
        (D. Colo. Oct. 18, 2011) ..............................................................................................8

*Energy Capital Corp., v. United States,* 60 Fed. Cl. 315 (Fed. Cl. 2004) ...............................13

*Epstein v. MCA, Inc.,* 54 F.3d 1422 (9th Cir. 1995)..................................................................9

*Expert Microsystems v. Univ. of Chicago*, No. 2:09-cv-0586 WBS JFM, 2009
        Westlaw 1949105, (E.D. Cal. July 6, 2009) ..............................................................10

*Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985) ..................................5

*Franco v. U.S. Dep't of Interior,* No CIV S-09 KJM-KJN, 2012 Westlaw 3070269
         (E.D. Cal. July 26, 2012) ............................................................................................9

*Friends of the Clearwater v. Dombeck*, (2000) 222 F.3d 552 ..................................................7

*Gibson v. Carmody,* 1991 U.S. Dist. LEXIS 11225, 1991 WL 161087,
        (S.D.N.Y. Aug. 14, 1991)..........................................................................................13

*Gray v. First Winthrop*, 133 F.R.D. 39 (N.D. Cal. Oct. 25, 1990)...........................................9

*Hon Co. v. Travelers Indemnity Co.,* 1991 WL 229948 (D.D.C. 1991)............................12, 14

*Independence Mining Co., Inc. v. Babbitt* 105 F.3d 502 (9th Cir. 1997) ............................ 7, 11

*Jamison v. Miracle Mile Rambler, Inc.*, 536 F.2d 560 (3d Cir. 1976) ................................... 14

*Laub v. U.S. Dep't of Interior*, 342 F.3d 1080 (9th Cir. 2003) ................................................ 7

*Milanes v. Chertoff*, No. 08 Civ. 2354 (LMM), 2008 WL 2073420 ..(S.D.N.Y. May 13, 2008)    7

*Nw. Envtl. Def. Ctr. v. Bonneville Power Admin.* 117 F.3d 1520 (9th Cir. 1997) .................... 8

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) ......................................................... 6

*Prozina Shipping Co v. Thirty-Four Autos*, 179 F.R.D. 41 (D. Mass. 1998) .......................... 12

*Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979) ................................................................. 5

*Shoen v. Shoen*, 5 F.3d 1289 (9th Cir. 1993) ............................................................................ 8

*Sierra Club v. Yeutter*, 911 F.2d 1405 (10th Cir. 1990) ........................................................... 8

*Sizova v. Nat'l Institute of Standards & Technology*, 282 F.3d 1320 (10th Cir. 2002) ............. 7

*Toussie v. County of Suffolk,* 2006 U.S. Dist. LEXIS 47511, 2006 WL 1982687
    (E.D.N.Y July 13, 2006) ..................................................................................... 13

*Univ. of Mass v. Roslin Inst.*, 437 F. Supp. 2d 57 (D.D.C. June 20, 2006) ....................... 6, 15

*Wells Fargo v. Wells Fargo Express Co.*, 556 F.2d 406 (9th Cir. 1997) ................................. 7

*Wildearth Guardians v. U.S. Federal Emergency Management Agency*, 2011 U.S. Dist
    LEXIS 31017 (D. Ariz. March 15, 2011) ......................................................... 7, 11

### STATUTES AND REGULATIONS

5 U.S.C. § 706(1) .............................................................................................................. 2, 6

40 C.F.R. § 7.115(c)(1) ........................................................................................................ 2

FED. R. CIV. PRO. 26(b) ....................................................................................................... 6

FED. R. CIV. PRO. 26(c) .............................................................................................. 5, 10, 14

FED. R. CIV. PRO. 26-37 ..................................................................................................... 12

# INTRODUCTION

Defendants' Lisa P. Jackson, *et al.* (collectively "EPA") filed their Motion for Protective Order to block Plaintiffs Padres Hacia Una Vida Mejor, *et. al.* (collectively "Padres") from conducting three depositions to obtain evidence relevant to this Court's jurisdiction and appropriate remedies for EPA's unlawful 17-year delay in investigating Padres' complaint under Title VI of the Civil Rights Act. With its Reply Brief in Further Support of Defendants' Motion to Dismiss on Mootness Grounds ("EPA Reply Brief"), EPA offered the declaration of Office of Civil Rights ("OCR") Director Rafael DeLeon and hundreds of pages of documents in an untimely effort to demonstrate that Padres would not experience future delays at the hands of EPA.[1] EPA thus created a disputed issue of material fact relating to jurisdiction, and Padres seeks to conduct narrow and limited discovery by deposing three EPA officials to assess the agency's factual argument that Padres is unlikely to experience future delays at the hands of the agency. Padres also seeks limited discovery to demonstrate that, should Padres prevail on the merits, Padres' appropriately requests prospective injunctive relief, which involves the same factual issues EPA implicated in the Reply Brief.

EPA bases this Motion on its specious argument that the Court may review only the written administrative record in an Administrative Procedures Act ("APA") case even to resolve non-merits based factual disputes. In addition to being wrong regarding the evidence the Court may consider to resolve jurisdictional disputes and appropriate remedies, EPA additionally fails to meet its burden to show good cause under the Federal Rules of Civil Procedure to otherwise limit the three noticed depositions.

EPA's argument that this Court's review is limited to the Administrative Record is particularly egregious in this case because it is EPA itself that precipitated this dispute by

---

[1] As noted in Padres' Motion to Strike (Doc 53-1), EPA's Reply Brief was the first time since the Ninth Circuit's decision in *Rosemere Neighborhood Ass'n v. United States EPA*, 581 F.3d 1169, 1173 (9th Cir. 2009) that EPA has attempted to argue that it has corrected the decades-long pattern and practice of unlawful delay in processing Title VI complaints.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER**                    1

filing the declaration of the Director of OCR along with hundred of pages of extra-record evidence.  By filing this factual material with the Court, on the one hand, but then attempting to limit Padres to the administrative record, on the other, EPA makes a bald-faced attempt to insulate itself from public and judicial scrutiny by creating an unequal playing field in a court of law.  EPA has offered no judicial precedent in support of its extreme position that it may rely on extra-record factual material while at the same time depriving a plaintiff in a civil rights case from conducting limited discovery to assess the veracity and accuracy of that information.

EPA also raises unwarranted objections to the deposition of EPA Deputy Administrator Bob Perciasepe because Mr. Perciasepe's personal knowledge, as chairman of EPA's Civil Right Executive Committee and the leader of EPA's purported Title VI reform, is necessary to obtain first-hand information about whether EPA is likely to process any future Title VI complaints filed by Padres in compliance with EPA's regulatory timelines.

Padres respectfully requests that the Court promptly deny EPA's motion so that the depositions may proceed without interfering with Padres ability to submit a timely Notice of Supplemental Evidence for Judge Ishii's consideration in resolving the Motion to Dismiss on Mootness Grounds (should the Court so direct) and to allow Padres to prepare and file its Motion for Summary Judgment by March 22, 2013.

## BACKGROUND

On June 30, 2011, Padres filed this APA unlawful delay lawsuit under 5 U.S.C. § 706(1), alleging that EPA violated 40 C.F.R. § 7.115(c)(1) when it failed to act on Padres' Title VI civil rights complaint within 180 days.  The Court subsequently denied EPA's first Motion to Dismiss on April 6, 2012 and denied EPA's Motion to Stay All Proceedings on May 16, 2012.  *See* Order on Defendants' Motion to Dismiss (Doc. 27); Order Denying Motion to Stay All Proceedings (Doc. 34).  The Court summarized the relevant factual and statutory background in both orders, which Padres does not repeat here.  *See id.*

On August 30, 2012, EPA completed its investigation, found no Title VI violation,

1 and dismissed the complaint.  *See* Notice of Dismissal of Title VI Administrative Compl.
2 2:5-9 (Doc. 41).
3        On September 7, 2012, EPA filed the Motion to Dismiss on Mootness Grounds (Doc.
4 42), which alleges that EPA's dismissal of the civil rights complaint mooted Padres' lawsuit.
5 *See* Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss on
6 Mootness Grounds ("EPA Opening Brief") (Doc. 42-1).  Under binding precedent in the
7 Ninth Circuit, EPA bears a "heavy burden" to demonstrate mootness pursuant to the
8 voluntary cessation doctrine and must show that Padres "will not encounter further regulatory
9 delays in the processing of its complaints."  *Rosemere*, 581 F.3d at 1173.  Nevertheless, EPA
10 did not attempt to make the factual demonstration that *Rosemere* and the voluntary cessation
11 doctrine require.  *See* EPA Opening Brief (Doc. 42-1).
12        On September 13, 2012, EPA lodged the administrative record in the case.  Notice of
13 Lodging of Certified Administrative Record (Doc. 43).
14        On October 10, 2012 and after reviewing the 100,000 page administrative record,
15 counsel for Padres propounded its First Set of Requests for Admission, First Set of Requests
16 for Production, and First Set of Interrogatories seeking evidence to support Padres' requested
17 prospective injunctive relief.  Declaration of Brent Newell ("Newell Decl.") ¶ 2.  Padres did
18 not notice any depositions at that time because EPA did not offer any argument or evidence
19 in EPA's Opening Brief to support its burden under *Rosemere*.  Padres therefore decided to
20 wait to select deponents until after Padres had received EPA's responses to the discovery
21 requests.  Newell Decl. ¶ 3.
22        On November 16, 2012, EPA filed its Reply Brief and for the first time offered
23 factual evidence in support of its mootness argument in the form of the DeLeon Declaration
24 and hundred of pages of attached exhibits.  *See* EPA Reply Brief (Doc. 51); Third
25 Declaration of Rafael DeLeon ("DeLeon Decl.") (Doc. 51-1).  EPA thus made an untimely
26 attempt to demonstrate that problems that have plagued the Office of Civil Rights for decades
27 have been corrected and that Padres "will not encounter further regulatory delays in the
28

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER                    3

processing of its complaints." *See* DeLeon Decl. ¶ 3; EPA Reply Brief at 8:10-14:16 (Doc. 51).

Three days later on November 19, in response to EPA's attempt to sandbag Padres by submitting factual evidence with its reply brief, Padres filed a motion to strike that argument and evidence and, in the alternative, requested that the Court refrain from deciding the motion to dismiss until Padres had a fair opportunity to conduct limited discovery on the factual issues raised by EPA. *See* Plaintiffs' Memorandum in Support of Motion to Strike (Doc. 53-1). The Court did not decline Padres' request for discovery, instead stating that "Plaintiffs have adequately informed the Court that they believe that Defendants are improperly raising issues in the reply brief" and that the "Court will note and consider this objection in ruling on Defendants' motion." Order on Plaintiffs' Ex Parte Application to Shorten Time (Doc. 55). The Court subsequently ordered supplemental briefing, and allowed Padres to respond to EPA's mootness allegations. *See* Order Vacating December 3, 2012 Hearing and Order for Supplemental Briefing (Doc. 57). The Court did not otherwise address the issue of discovery.

EPA did not seek a protective order to shield it from Padres' written discovery and on November 19, 2012, EPA served its responses to Padres' First Set of Requests for Admission, First Set of Requests for Production, and First Set of Interrogatories. Newell Decl. ¶ 5.

On November 30, 2012, after reviewing the written discovery provided by EPA, Padres served notices to depose three EPA officials who Padres determined to have the best knowledge of the investigation of Padres' civil rights complaint, the best knowledge of EPA's recommended changes to EPA's Title VI program, and the best knowledge of the manner in which the Office of Civil Rights is implementing the recommended changes to the program: External Civil Rights Assistant Director, Helena Wooden-Aguilar, Deputy EPA Administrator, Bob Perciasepe, and the Director of EPA's Office of Civil Rights, Rafael DeLeon, respectively. Newell Decl. ¶¶ 8-9.

On December 12, 2012, Padres filed their Supplemental Brief in Opposition to Defendants' Motion to Dismiss on Mootness Grounds (Doc. 60).  Padres again requested leave to conduct discovery on the jurisdictional issues raised in the EPA Reply Brief and notified the Court that Padres had noticed the three depositions at issue in this motion in early January 2013.  Plaintiffs' Supplemental Brief at 19:16-20:8 (Doc. 60).

In response to EPA's objections to the depositions, this Court conducted a telephonic discovery conference on December 19, 2012 and set a briefing schedule and hearing on February 1, 2013 for EPA's Motion for Protective Order.  Minute Order (Doc. 66).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(c) governs the granting of a protective order.  This Court may grant a protective order only when the moving party establishes "good cause" for the order, and "justice requires [an order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  FED. R. CIV. PRO. 26(c).  The party seeking to prevent discovery carries a "heavy burden" to make a "strong showing" as to why discovery should be denied.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

An order barring a litigant from taking a deposition is a most extraordinary measure.  *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error.").  The moving party must show "extraordinary circumstances" that would justify such an order, and the showing must be sufficient to overcome plaintiff's "legitimate and important interests in trial preparation."  *Alexander v. FBI*, 186 F.R.D. 71, 75 (D.D.C. 1998); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) ("trial preparation and defense . . . are important interests, and great care must be taken to avoid their unnecessary infringement").  This showing requires "a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be

suffered without one." *Alexander*, 186 F.R.D. at 76.  A mere showing that discovery may involve inconvenience and expense will not meet this threshold requirement.  *Univ. of Mass. v. Roslin Inst.*, 437 F. Supp. 2d 57, 60-61 (D.D.C. June 20, 2006); s*ee also Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (the harm alleged "must be significant, not a mere trifle").

**ARGUMENT**

**I.   PADRES MAY APPROPRIATELY DEPOSE EPA OFFICIALS ON MATTERS RELATING TO JURISDICTION AND REMEDIES.**

The Federal Rules of Civil Procedures provides Padres with a broad right to discover relevant facts concerning any party's claim or defense.  FED. R. CIV. PRO. 26(b).  EPA does not provide the Court with any valid reason why the Court should take away that right.  The Court should reject EPA's erroneous arguments and allow discovery to proceed because 1) the Administrative Procedures Act does not bar the discovery Padres seeks to establish jurisdiction and remedies; 2) the request is highly prejudicial since EPA has already filed with the Court the same type of evidence that it seeks to bar Padres from producing; and 3) EPA does not establish, or even allege, any harm from allowing the depositions to proceed.

Because Padres seeks discovery for permissible purposes and because EPA fails to meet its heavy burden to show good cause for a protective order, the Court should deny EPA's motion for protective order.

**A.   The APA Standard of Review Does Not Bar the Discovery Padres Seeks.**

As the Supreme Court has recognized, "discovery is not limited . . . to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  EPA moves for a protective order because in resolving the merits of a challenge to agency action under the Administrative Procedure Act, a court is typically limited to reviewing only the administrative record.[2]  *See* Memorandum of Points and Authorities in Support of

---

[2] Though EPA's entire argument is irrelevant here where Padres seeks discovery on issues unrelated to the merits of the case, EPA also mistakenly claims that discovery is

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER                    6**

Defendants' Motion for Protective Order "EPA Protective Brief" at 5:15-8:17.  This argument simply has no relevance here because Padres does not seek discovery relating to the merits of this case (whether EPA unlawfully delayed action on Padres' Title VI complaint) or to supplement the administrative record.  Padres instead seeks limited discovery on jurisdictional issues to further present evidence to rebut EPA's late-filed mootness contentions and to establish the appropriateness of prospective injunctive relief.

### B. The Court Should Deny the Protective Order Because Padres has a Right to Conduct Limited Discovery on Jurisdictional Facts.

EPA does not dispute that when "a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."  *Sizova v. Nat'l Institute of Standards & Technology*, 282 F.3d 1320, 1326 (10th Cir. 2002).  As the Ninth Circuit has stated, discovery "should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the fact is necessary."  *Wells Fargo v. Wells Fargo Express Co*., 556 F.2d 406, 430 n.24 (9th Cir. 1977); *see also Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (holding that "discovery should be granted where, as here, jurisdictional facts are contested or more facts are needed").

In cases brought pursuant to the Administrative Procedure Act, courts routinely consider facts outside of the administrative record to resolve jurisdictional questions.  *See Nw. Envtl. Def. Ctr. v. Bonneville Power Admin*., 117 F.3d 1520, 1528 (9th Cir. 1997)

---

inappropriate in unlawful and unreasonable delay challenges under 5 U.S.C. § 706(1).  *See Wildearth Guardians v. United States Federal Emergency Management Agency*, 2011 U.S. Dist LEXIS 31017, *10 (D. Ariz. March 15, 2011) (explicitly rejecting the same arguments that EPA presents here).  In agency inaction cases "review is not limited to the record as it existed at any single point in time, because there is no final agency action to demarcate the limits of the record."  *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000); *Independence Mining Co., Inc. v. Babbitt*, 105 F.3d 502, 511 (9th Cir. 1997).  In fact, "there may well be reason for discovery, since agency delay is not necessarily a discrete event resulting from a decision based upon some sort of administrative record, but may be simply . . . after-the-event justifications [] which may need to be explored by plaintiffs." *Milanes v. Chertoff*, No. 08 Civ. 2354 (LMM), 2008 WL 2073420, at *1 (S.D.N.Y. May 13, 2008).

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER                    7

(considering extra-record evidence "not in order to supplement the administrative record on the merits, but to determine whether [the court has] jurisdiction"); *see also Sierra Club v. Yeutter*, 911 F.2d 1405, 1421 (10th Cir. 1990) (holding that district court did not abuse its discretion in considering extra-record evidence in order to determine whether it had jurisdiction). In *Colo. Envtl. Coalition v. Office of Legacy Mgmt.*, the court denied the Department of Energy's motion to strike plaintiff's extra-record evidence, submitted to rebut the agency's extra-record evidence on its plan to effectively stay any ground disturbing activities. 819 F. Supp. 2d 1193, 1203 (D. Colo. Oct. 18, 2011). The court found that the extra-record evidence of *both* parties was appropriate to assist the court in evaluating the agency's arguments that the action was prudentially moot and unripe. *Id.*

EPA implicitly concedes the Court may look outside the administrative record, because in conjunction with its reply brief on its motion to dismiss as moot, EPA filed factual information, including the declaration of Mr. DeLeon, along with hundreds of pages of supporting documents. After filing and relying on its own extra-evidence, EPA now seeks a protective order to prevent Padres from conducting limited discovery to assess the accuracy of EPA's factual submissions and arguments. EPA simply wants an unequal playing field, where it provides extra-record evidence to the Court but then precludes Padres from obtaining and producing evidence less favorable to EPA's position.

EPA's motion for protective order would therefore interfere with the Court's role as fact-finder in this case. The right to pre-trial discovery is ordinarily "'accorded a broad and liberal treatment.'" *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993), *quoting Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

> This broad right of discovery is based on the general principle that litigants have a right to "every man's evidence," *United States v. Bryan*, 339 U.S. 323, 331 (1950), and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth.

*Id.*; *see also Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995). These concerns are all the more prescient here where EPA relies on extra-record facts in seeking to dismiss this

case on jurisdictional grounds.  Neither Padres nor this Court should be limited in their search for the truth as EPA attempts to do through its motion for a protective order.

EPA argues that because the parties have submitted briefing on the pending motion to dismiss, Padres "cannot plausibly contend that the noticed depositions are relevant to refute EPA's position that this case is moot and should therefore be dismissed."   EPA Protective Brief at 8:26-27.[3]  EPA mistakenly requests that the Court take an action that would severely prejudice the interests of Padres before deciding the motion to dismiss.  *See Gray v. First Winthrop*, 133 F.R.D. 39, 40 (N.D. Cal. Oct. 25, 1990) (A party's belief that it would prevail on a motion to dismiss does not constitute good cause for a protective order.)  In *Gray*, the Court held that issuing a protective order prior to ruling on a motion to dismiss "would require the court to make a preliminary finding on the likelihood of success on the motion to dismiss" and that doing so "would circumvent the procedures for resolution of such a motion.").  *Id.*

The Court has not taken EPA's motion to dismiss under submission, and this Court has three principle options in how to address that motion.  First, it could deny the motion to dismiss as moot.  Second, the Court could resolve the jurisdictional question with the merits because the factual issues overlap in substantial ways.  *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *see also Franco v. U.S. Dep't of Interior*, No CIV S-09 KJM-KJN, 2012 Westlaw 3070269, *8 (E.D. Cal. July 26, 2012), *citing San Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139 (9th Cir. 1983).  Under either of these first two scenarios, limited discovery would be appropriate for purposes of establishing relief and/or jurisdiction.

As a third option, the Court could grant the motion and dismiss the case.  By filing the declaration of Mr. DeLeon, EPA itself went beyond the administrative record and created

---

[3] EPA's argument essentially challenges the timing of Padres request for depositions.  *See infra* at I.C.  This argument is also unavailing here because mootness implicates the court's jurisdiction over the case and EPA can raise additional mootness challenges at any time.  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.23 (1997).

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER**                    9

disputed issues of material fact relevant to jurisdiction. If the Court is inclined to entertain this third option, it should first allow plaintiffs the opportunity to conduct limited discovery. *See Expert Microsystems v. Univ. of Chicago*, No. 2:09-cv-0586 WBS JFM, 2009 Westlaw 1949105, * 3 (E.D. Cal. July 6, 2009) (holding it "is an abuse of discretion to dismiss for lack of subject matter jurisdiction without giving plaintiff reasonable opportunity, if requested, to conduct discovery for this purpose").

In sum, EPA asks this Court to sanction a highly prejudicial procedure whereby a defendant federal agency, which has already failed to implement and enforce the Civil Rights Act, has the latitude to submit extra-record material but two community groups from Kettleman City and Buttonwillow may not depose EPA officials, including the officials that submitted declarations to this Court, led the agency's alleged reforms, and led the investigation and dismissal of Padres' 1994 Title VI complaint. Padres is cognizant of the potential burdens involved with discovery, but seeks only limited discovery on jurisdictional and remedial facts outside the administrative record that EPA itself raised in its Reply Brief. For these reasons, the Court should deny the Motion.

### C.   EPA Has Not Met Its Burden to Show Good Cause for a Protective Order.

The party seeking to prevent discovery carries a "heavy burden" to make a strong showing why discovery should be denied. *Blankenship*, 519 F.2d at 429. To make this showing, the moving party must allege 'specific facts' to establish that justice requires a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *Alexander*, 186 F.R.D. at 71; FED. R. CIV. PRO. 26(c). EPA has not alleged any facts to show good cause necessary to override the liberal discovery standards prescribed by Rule 26(b).

In this Motion, EPA repeats its argument from its Motion to Dismiss on Mootness Grounds that the relief Padres seeks is not available as a matter of law, and on that ground

alleges that the discovery Padres seeks "would be futile."[4]  EPA Protective Brief at 9:19.  As an initial matter, EPA's belief in the futility of discovery based on its argument in the undecided Motion to Dismiss is not grounds for granting a protective order, nor does EPA offer any authority for such an order in those circumstances.  Padres has provided the Court with ample authority on the Court's ability to provide the requested relief as a matter of law.  Plaintiffs' Supplemental Brief at 2:12 to 8:13 (Doc. 60) (*citing*, *inter alia*, *Cobell v. Norton*, 240 F.3d 1081 (D.C. Cir. 2001)).  Pending the Court's resolution of the issue, EPA is unable to establish the "futility" of Padres' discovery for remedial purposes and cannot meet its heavy burden to demonstrate good cause for a protective order.

EPA next objects to Padres' deposition notices because Padres did not notice the depositions until "nearly three months after EPA moved to dismiss on mootness grounds."  EPA Protective Brief at 9:1.  What EPA fails to mention is that Padres served the three deposition notices on November 30, 2012 in direct response to EPA's introduction of new evidence in the EPA Reply Brief, served on November 16, 2012.  Newell Decl. ¶ 4.  The timing of Padres' deposition notices came as a result of EPA's untimely offer of new jurisdictional facts.  Padres noticed the depositions fourteen days after receiving the EPA Reply Brief and the DeLeon Declaration that included new argument and facts and eleven days after receiving EPA's written discovery that served as the basis for determining which EPA officials to depose.  Newell Decl. ¶ 9.  Padres needed a reasonable period of time to review the DeLeon Declaration and attachments, the 844 pages of documents produced, the responses to requests for admission, and the 48 pages of exhibits of interrogatory responses.

---

[4] EPA does not dispute that, as a general matter, a party is permitted to present evidence relevant to the availability of relief.  *See* EPA Protective Brief at 10:10; *see also Wildearth Guardians*, 2011 U.S. Dist LEXIS 31017 at *10, *citing Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000) ("if extra-record evidence shows that an agency has rectified a NEPA violation after the onset of legal proceedings, *that evidence is relevant to the question of whether relief should be granted*.") (emphasis added); *Independence Mining Co.*, 105 F.3d at 511 (finding that district court did not err reviewing non-record document because "[i]t was merely supplemental evidence submitted in support of appellee's position on a motion for reconsideration."

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER**                  11

1  Newell Decl. ¶ 6.  Counsel for Padres also took time off from work to celebrate the
2  Thanksgiving holiday.  Newell Decl. ¶ 7.  EPA cites no authority to support its argument that
3  the timing of Padres' deposition notices should bar discovery.  *See* EPA Protective Order at
4  9:1-9:12.  Nor does EPA allege that any harm will result because of the timing of Padres'
5  notices.  *Id.*  Therefore, EPA fails to meet its heavy burden to show that a protective order is
6  necessary based on the timing of the deposition notices.
7         Finally, EPA objects to the depositions because it alleges that evidence obtained via
8  deposition would be cumulative since Padres has already secured evidence through EPA's
9  responses to Padres' written discovery.  EPA Protective Brief at 10:6.  Production of
10 documents, answers to requests for admission, and interrogatory responses do not substitute
11 for oral depositions since the various discovery methods provided under the Federal Rules of
12 Civil Procedure are intended to be complementary and not mutually exclusive.  FED. R. CIV.
13 PRO. 26-37; 7 James Wm. Moore *et al.,* Moore's Federal Practice ¶ 33.04[1] (3rd ed. 1999).
14 Thus, the fact that EPA has previously responded to Padres' document requests does not
15 render the depositions cumulative.  *See Prozina Shipping Co v. Thirty-Four Autos*, 179
16 F.R.D. 41, 47-48 (D. Mass. Jan. 22, 1998) (denying request to limit discovery to
17 documentary evidence and motion for a protective order to take deposition; noting that
18 "[p]rohibiting the taking of depositions is an extraordinary measure."); *see also Hon Co. v.
19 Travelers Indemnity Co.*, 1991 WL 229948 at * 3 (D.D.C. Oct. 25, 1991) ("a basic tenet of
20 the current liberal discovery rules is that discovery may be had of issues that are already
21 known to the party seeking discovery" because "the purpose of discovery is not only to
22 uncover unknown facts but also to narrow and define the issues of the case.").
23        Once again, EPA fails to provide any authority for its argument and fails to allege any
24 harm stemming from Padres' requested discovery.  The Court should, therefore, deny this
25 Motion.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER**                12

II. **EPA HAS NOT MET ITS BURDEN TO DEMONSTRATE THAT THIS COURT SHOULD ISSUE A PROTECTIVE ORDER BLOCKING THE DEPOSITION OF BOB PERCIASEPE.**

EPA argues that the Court should issue a protective order blocking Mr. Perciasepe's deposition based on his position as a high-ranking EPA official. Padres seeks the testimony of Mr. Perciasepe about matters before him in his capacity as chairperson of EPA's Civil Rights Executive Committee. Mr. Perciasepe's deposition is thus warranted because of his personal involvement in matters relevant to the disposition of this case. *See Coleman v. Schwarzenegger*, 2008 WL 4300437, at *2 (E.D. Cal. Sept. 15, 2008).

Courts have time and again allowed the deposition of high-ranking government officials upon a showing that the official has personal involvement or knowledge relevant to the case. *See*, *e.g.*, *Energy Capital Corp., v. United States*, 60 Fed. Cl. 315, 318 (Fed. Cl. 2004) (permitting videotaped deposition of former Secretary of Housing and Urban Development upon showing of first-hand personal knowledge); *see also Toussie v. County of Suffolk*, 2006 U.S. Dist. LEXIS 47511, 2006 WL 1982687, *2 (E.D.N.Y July 13, 2006) ("Generally, the depositions of former government officials are granted where the official has been personally involved in the events at issue in the case."); *Gibson v. Carmody*, 1991 U.S. Dist. LEXIS 11225, 1991 WL 161087, at *2 (S.D.N.Y. Aug. 14, 1991) (permitting deposition of former New York Police Commissioner upon showing of personal involvement).

Padres seeks Mr. Perciasepe's testimony because of his first-hand knowledge as Chairman of the Civil Rights Executive Committee, where he led a comprehensive review of EPA's Title VI program, including the formulation of recommendations to reform EPA's civil rights program, and the issuance of the Civil Rights Executive Committee's final report, *Developing a Model Civil Rights Program for the Environmental Protection Agency*. *See* Exh. 1-4 to Newell Decl. Mr. Perciasepe's testimony is essential to establish whether EPA has met its burden to demonstrate that Padres "will not encounter further regulatory delays in the processing of its complaints," a factual assertion EPA raised in its motion to dismiss on mootness grounds. EPA itself opened the door to this line of inquiry by arguing that EPA's

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER**                13

1  alleged programmatic reforms would ensure that Padres would not encounter any delays
2  should Padres file another Title VI complaint.  *See* EPA Reply Brief at 13:22-14:16.
3      Testimony regarding Mr. Perciasepe's experiences and responsibilities as chairperson
4  of the Civil Rights Executive Committee cannot be reasonably obtained from another source.
5  *See Coleman*, 2008 WL 4300437, at *2.  Mr. Perciasepe was the sole person appointed by
6  EPA Administrator Lisa Jackson to convene and lead the Civil Rights Executive Committee.
7  *See* Exh. 1 to Newell Decl.  Mr. Perciasepe was ultimately responsible for making
8  recommendations to the EPA Administrator and issuing the Committee's final report.  *See*
9  Exh. 1-4 to Newell Decl.  Because Mr. Perciasepe's testimony is necessary to obtain first-
10 hand relevant information, not available from another source, the Court should deny EPA's
11 request to block Padres from deposing Mr. Perciasepe.

### III. EPA FAILS TO MEET ITS BURDEN TO DEMONSTRATE THAT THE COURT SHOULD LIMIT DISCOVERY.

EPA seeks to limit the focus of any deposition to "EPA's handling of Plaintiff's Title VI administrative complaint as issue in this case."  EPA Protective Brief at 15:6.  EPA asserts that the limitation is necessary because testimony on EPA's history of handling Title VI complaints and efforts to improve its performance would be cumulative and duplicative of information already obtained by Padres.  *Id.* at 15:10.  As discussed above, the fact that testimony may consist of cumulative or duplicative information is not grounds for obtaining a protective order.  *See* FED. R. CIV. PRO. 26(c); *Hon Co.*, 1991 WL 229948 at * 3.  Importantly, EPA does not allege that *any harm* will result without a protective order.

EPA next argues that testimony related to the decision-making underlying the agency's programmatic policies would be protected by the deliberative process privilege.  A protective order is not warranted on this ground because EPA may raise these objections during the deposition, should counsel for Padres seek such information.  *See Jamison v. Miracle Mile Rambler, Inc.*, 536 F.2d 560, 565-66 (3d Cir. 1976) (questioning the scope of the district court's protective order; noting that "[t]here will be ample opportunity for

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER                14

legitimate objections to be raised during depositions if the plaintiff transgresses into forbidden areas. Those objections can be ruled on as they occur without the blanket prohibition imposed here.").

EPA also seeks to limit Padres' discovery to deposing either Helena Wooden-Aguilar *or* Rafael DeLeon. EPA Protective Order at 5:21. Padres seeks to depose Ms. Wooden-Aguilar for different purposes than Mr. DeLeon. Padres seeks to depose External Civil Rights Assistant Director of Civil Rights, Ms. Wooden-Aguilar, as the person most familiar with the investigation of Padres' Title VI complaint. Newell Decl. ¶ 8. Ms. Wooden-Aguilar is no mere assistant to Mr. DeLeon as EPA infers, but rather is in charge of the Office of Civil Rights' External Compliance Section, which has the responsibility to, and did, investigate and dismiss Padres' Title VI complaint.[5] Padres seeks to depose Director of the Office of Civil Rights, Mr. DeLeon, as the person most familiar with the implementation of the Executive Committee's recommended changes to EPA's Title VI program. Newell Decl. ¶ 8. Mr. DeLeon was also the declarant offered by EPA to support its Motion to Dismiss on Mootness Grounds, and Padres wants to depose him to probe his factual claims. *See* DeLeon Decl.; Newell Decl. ¶¶ 4, 8. Once again, EPA does not meet, or even attempt to meet, its heavy burden to demonstrate the need for a protective order and the harm which will be suffered without one. "A mere showing that discovery may involve inconvenience and expense will not meet this threshold requirement [under FRCP 26]." *Univ. of Mass.*, 437 F. Supp. 2d at 60–61.

Finally, EPA seeks a protective order limiting the time of depositions to three hours. EPA does not allege any harm it seeks to avoid or facts to support its request. The Court should, therefore, deny the request.

---

[5] The EPA's Office of Civil Rights website identifies the External Compliance section, http://epa.gov/ocr/extcom.htm, and lists Ms. Wooden-Aguilar as its leader. http://epa.gov/ocr/t6cntcts.htm.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER                15

**CONCLUSION**

For the reasons stated above, the Court should deny the Motion for Protective Order.

Dated: January 25, 2013               Respectfully submitted,

CENTER ON RACE, POVERTY & THE ENVIRONMENT

/s/ Brent Newell
Brent Newell
Attorney for Plaintiffs
Padres Hacia una Vida Mejor, *et al*.

CRAG LAW CENTER

/s/ Christopher Winter
Christopher Winter
Attorney for Plaintiffs
Padres Hacia una Vida Mejor, *et al*.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER              16